**Omar BARRERA, Appellant,**

**v.**

**The STATE of Texas.**

**No. 1069–97.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1998.

Rene B. Gonzalez, Brownsville, for appellant.

John A. Olson, Asst. County Atty., Brownsville, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

A Cameron County grand jury returned a single indictment charging appellant, Omar Barrera, with attempted murder and aggra-

vated assault for the shooting of Oscar Za-rate. Appellant pleaded not guilty before a jury to both charges. The jury found appellant guilty of attempted murder and the trial court sentenced him to fifteen years in prison. After a motion for new trial, the trial court reduced appellant's sentence to ten years. On appeal, appellant claimed, *inter alia,* that the trial court erred in failing to apply the law of self-defense to the facts of the case and in failing to instruct the jury that a reasonable doubt on the issue of self-defense required acquittal. *See* TEX. PENAL CODE ANN. § 2.03(d) (Vernon 1994). The court of appeals agreed that the trial court erred, and then analyzed that error under the federal harmless error rule because "we do not apply *Almanza* ... if the error implicates rights flowing from the United States Constitution." *Barrera v. State,* 951 S.W.2d 153, 157 (Tex.App.— Corpus Christi 1997). Finding the error harmful under this standard, the court of appeals reversed appellant's conviction and remanded for a new trial.

The State petitioned this Court for review, taking issue with the court of appeals' holding that the omission in the jury charge was fundamental error. The State asks us to consider whether *Almanza* is the proper standard for review. We granted review to determine the proper standard for review when, in the absence of an objection, a jury charge includes the definition of self-defense but fails to contain self-defense in the application paragraph.

### I.

Because appellant failed to either request a self-defense instruction or object to the instruction given, this case implicates our recent decision in *Posey v. State,* 966 S.W.2d 57 (Tex.Crim.App.1998). Posey claimed that the trial court erred in omitting a jury instruction on mistake of fact, even though he had neither requested the charge nor objected to its omission. The court of appeals agreed and remanded the case after determining that Posey had been egregiously harmed under the standard set forth in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1984). *See Posey,* 966 S.W.2d at 59. On

the State's petition for discretionary review, this court reversed the court of appeals, holding that the omission of an unobjected-to (or unrequested) defensive instruction is not "error" under *Almanza. Id.* at 62.

■ This case presents a different issue from that in *Posey,* however. Rather than omitting an instruction altogether, the trial court in this case failed to apply an abstract instruction to the facts of the case. That is to say, even without a request, the trial court included the law of self-defense in the charge to the jury. A trial court has no duty to *sua sponte* charge the jury on unrequested defensive issues raised by the evidence. *See Posey,* 966 S.W.2d at 62. However, having undertaken on its own to charge the jury on this issue, the trial court in this case signaled that self-defense *was* "the law applicable to the case." Therefore, any flaw in the charge on self-defense amounts to an error in the charge, even under the reasoning of *Posey.* The court of appeals properly concluded that the failure to apply the law of self-defense to the facts of the case and to instruct the jury to acquit if they held a reasonable doubt on self-defense was error.

### II.

Having found the above-mentioned error, the court of appeals erroneously concluded that it was a federal constitutional error and applied the harm analysis appropriate to such errors. In reaching their conclusion, the court of appeals cited to a series of pre-*Almanza* charge error cases. In *Doyle v. State,* 631 S.W.2d 732 (Tex.Crim.App.1980), without support from federal caselaw, this Court held that the failure of a charge to apply the law to the facts of a case violated the federal constitution in two regards:

> First, it 'goes to the very basis of the cases' and denies 'the fair and impartial trial to which (defendants) are entitled under the ... due process provision[ ] of the Fourteenth Amendment to the United States Constitution ... Second, the failure of the charge to apply the law to the facts 'impairs the right to trial by jury ...,' which [is] guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution....

*Id.* at 736 (citing *Ex parte Clark,* 597 S.W.2d 760, 761 (Tex.Crim.App.1980)) (citations omitted).

■ However, our recent decisions have questioned this understanding of the importance of a procedurally perfect jury charge. In *Malik v. State,* we overruled the line of Texas cases that had held that the jury charge absolutely controls an appellate court's assessment of evidentiary sufficiency (the so-called *Benson/Boozer* doctrine). *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App. 1997). We instead concluded that the proper measure of sufficient evidence was the "hypothetically correct jury charge":

> Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

*Id.* at 240. We pointed to authorities which had signaled the decline of the importance of the application paragraph of a charge, as well; for example, we acknowledged our recent observation that "it may well be that application paragraphs are an anachronism, and that jurors could perform just as well without them." *Id.* at 238 (quoting *Plata v. State,* 926 S.W.2d 300, 304 (Tex.Crim.App. 1996)).

Moreover, we pointed out in *Malik* that the *Benson/Boozer* doctrine found no real support in federal caselaw. *Malik,* 953 S.W.2d at 239. The same caselaw that led us to our conclusion in *Malik* supports the conclusion that the failure to apply the law of a case to its facts does not amount to a federal constitutional error, but is merely "a technical violation of [a] state-law rule." *Brown v. Collins,* 937 F.2d 175, 182 (5th Cir.), *rehearing en banc denied,* 945 F.2d 403 (1991). This conclusion naturally follows from federal decisions which have concluded that "[n]ormally ... instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues." *United States ex. rel. Waters v. Bensinger,* 507 F.2d 103, 105 (7th Cir.1974) (quoting *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir.1960)). Federal courts consider-

ing habeas petitions have announced narrow guidelines for jury charge error that offends the federal constitution:

> [W]hen reviewing a jury charge for constitutional infirmity, we must consider the challenged portion of the charge not "in artificial isolation," but rather "in the context of the overall charge." *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). A constitutional violation occurs only if "[t]here is a reasonable likelihood that the jury understood the instructions to allow conviction on proof insufficient to meet the *Winship* standard." *Victor v. Nebraska,* 511 U.S. 1, 6, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994).

*Justice v. Hoke,* 45 F.3d 33, 34 (2nd Cir. 1995). A trial court's failure to apply an otherwise correct defensive jury instruction does not give rise to such a likelihood. Accordingly, the error in this case did not implicate the federal constitution.

**III.**

■ Notwithstanding the absence of constitutional error in this case, the trial court did err in its charge to the jury. *See* TEX. PENAL CODE ANN. § 2.03(d) (Vernon 1994) ("If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted"). The review of such errors is controlled by Texas Code of Criminal Procedure article 36.19 ("Review of Charge on Appeal") and our decision in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Under *Almanza,* an appellant who complains on appeal of an unobjected-to error in the charge "will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'— in short 'egregious harm.' " *Id.* at 171. As discussed above, appellant neither requested a self-defense charge nor objected to the charge as given. Therefore, we remand this cause to the court of appeals to allow them to conduct an "egregious harm" analysis under *Almanza.*

BAIRD, J., files a dissenting opinion in which OVERSTREET, J., joined.

MEYERS, J., files a dissenting opinion in which OVERSTREET, J., joins.

BAIRD, Judge, dissenting.

The fundamental requirement of any judge is impartiality which results in decisions based upon the law and the facts without regard to which side ultimately prevails. Impartiality is sorely lacking in this case.

To use a sports metaphor, the State fumbled the ball when it filed an indecipherable petition and brief with this Court. *See post* at 418 (Meyers, J., dissenting). But rather than ordering rebriefing, the majority removes their robes, dons the uniforms of the State, picks up the fumbled ball and articulates an argument for the State. The majority then returns to its referee position and declares their argument a winner. Such result oriented, judicial activism is truly unforgivable.

Just three months ago, the same majority dismissed as "inadequately briefed," *sixty-four* points of error brought by a defendant *condemned to death. Mosley v. State,* —— S.W.2d ——, 1998 WL 349513 (Tex.Cr.App. 1998). I dissented, believing that if the defendant had, in fact, failed to ". . . acquaint the court with the issues in [his] case and to present argument that will enable the court to decide the case," as required by Tex. R.App. P. 38.9, the majority should order rebriefing. Today, without any explanation, the majority makes a 180 degree turn and creates out of whole cloth a "winning" argu-

ment for the State. The only commonality between the instant case and *Mosley* is who prevails, the State.

Such open, obvious and rank bias in favor of one party over the other is shameful. Litigants may no longer come to this Court assured that their issues will be resolved in a fair and impartial manner. Instead, they must come knowing a majority of this Court harbors such a bias in favor of the State that it will do whatever it takes to ensure the State prevails.

Accordingly, I dissent.

OVERSTREET, J., joins.

MEYERS, Judge, dissenting.

The State's grounds for review and its arguments are, with all due respect, indecipherable from the State's petition or brief.[1] Despite the lack of discernable issues raised by the State, the majority has nonetheless felt compelled to review *de novo* the opinion of the Court of Appeals. That is not the job of this Court.[2] The majority opinion answers nothing from the State's petition. It seems the majority did not want to miss an opportunity to add to the increasing number of authorities signaling the declining "importance of a procedurally perfect jury charge." *Ma-*

---

1. The State's petition badly confuses grounds for review, Tex.R. app. Proc. 68.4(f), with reasons for review, Tex.R. app. Proc. 66.3. Such petitions are usually summarily refused for non-compliance. Following are the "Grounds for Review" presented in the State's petition (contrary to the rules, the State does not set forth *any* ground for review in its brief, Tex.R. app. Proc. 38.1(e); Tex.R. app. Proc. 70.3):

   Holding that the trial court committed reversible error by failing to apply the law of self-defense to this case's facts, the Court of Appeals:

   1. has rendered a decision in conflict with another decisions [sic] on the same matter.
   2. has, by viewing the evidence in a light favorable to Appellant, rendered a decision in conflict with another decision on the same matter.
   3. has, by applying Dyson's analysis, raised important questions of state law that have not been settled by this Court, but should be.
   4. has so far departed from the accepted and usual course of judicial proceedings as to

   call for an exercise of discretionary review by this Court.

   (citations omitted). The next portion of the State's petition, entitled "Reasons for Review," contains paragraphs or groups of paragraphs labeled as numeric "Grounds" and setting forth narrative arguments.

   Not surprisingly the majority avoids setting forth the State's "grounds for review," in favor of its own articulation of why we granted review: "[w]e granted review to determine the proper standard for review when, in the absence of an objection, a jury charge includes the definition of self-defense but fails to contain self-defense in the application paragraph." *Majority op.* at 416. In keeping with the Court's opinion in *Malik,* this is really a "hypothetically correct" ground for review, as no such articulation appears in the State's petition or brief.

2. At least not in this case. This Court may, where a petition for discretionary review has not been filed, review a decision of a court of appeals on our own initiative. Tex.R. App. Proc. 66.1, 67.

*jority opinion* at 417. This case ought to be improvidently granted.

OVERSTREET, J., joins.