Affirmed and Opinion filed August 8, 2002









Affirmed
and Opinion filed August 8, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01100-CR

____________

 

ERIC EVANS a/k/a KENDRICK SIMMONS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 337th District Court 

Harris
 County,
Texas

Trial
Court Cause No. 886,863

 



 

O
P I N I O N

Appellant,
Eric Evans, a/k/a Kendrick Simmons, appeals his conviction for assault against
a public servant, a third degree felony. 
In three points of error, appellant claims the trial court erred in (1)
granting the State=s motion to strike a venire person for cause, (2) overruling
appellant=s motion for an instructed verdict, and in (3) failing to
properly instruct the jury in the court=s charge.  We
affirm.  

 

 








Background
and Procedural History

On
November 19, 2000, Houston Police Department Officers Richard Pederson and Jose
Benavides were dispatched to an apartment complex regarding a disturbance.  Appellant and his aunt, Valerie Todd, were
arguing in the parking lot of the complex when the officers arrived.  Suspecting that appellant and Todd were the
subjects of the disturbance call, the officers approached them.  Officer Pederson testified that Todd said: AGet
[appellant] away from me.@  Officer Pederson said
that he grabbed appellant=s arm to restrain him and appellant turned and punched him in
the face, cutting the inside of his mouth and causing his nose to bleed.  Following a brief struggle, the officers
subdued appellant and arrested him.             Following a jury trial,  appellant was
convicted and, pursuant to an agreement with the State, sentenced to
twenty-five years= confinement.  This
appeal followed.  

Strike
for Cause

In
his first point of error, appellant claims the trial court erred in granting
the State=s challenge for cause against venire person Marcella
Torres.  Appellant  argues that the State failed to make
the necessary showing of bias under article 35.16 of the Texas Code of Criminal
Procedure. 








It
is well-settled that if a defendant fails to object when a venire person is
excused for cause, he or she may not subsequently challenge that ruling on
appeal.  Ladd v. State, 3 S.W.3d
547, 562 (Tex. Crim. App. 1999); see also Tex. R. App. P. 33.1.  Following the conclusion of the voir dire examination, the trial court asked the prosecutor
and appellant=s trial counsel if either had challenges for cause.  Both attorneys gave the trial court their
respective requests.  The State requested
that Torres and five others be removed. 
Appellant=s trial counsel stated that he  agreed with one of the requests, but
he did not object as to the others, including Torres.  We disagree with appellant=s
contention that his silence Acommunicated to the court that he objected to the challenge of
venire person Torres for cause@ and that he thus preserved the error for review.  An objection must be clearly conveyed to the
trial judge.  Lankston v. State,
827 S.W.2d 907, 909 (Tex. Crim. App. 1992). 

In
any event, even if the trial court erred in excusing Torres, the record must
indicate that an objectionable juror was forced upon the appellant.  Jones v. State, 982
S.W.2d 386, 393-94 (Tex. Crim. App. 1998).  There being no such showing in this case,
appellant=s first point of error is overruled.  

Instructed
Verdict 

In
his second point of error, appellant claims the trial court erred by overruling
appellant=s motion for an instructed verdict.  A challenge to the trial court=s
ruling on a motion for instructed verdict is essentially a challenge to the
legal sufficiency of the evidence to support a conviction.  Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993).  Therefore, we consider all the evidence in
the light most favorable to the jury=s verdict and determine whether any rational jury could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Cardenas v. State,
30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 








In
this case, appellant was charged with assault on a public servant.  See Tex.
Pen. Code Ann. ' 22.01(a)(1), (b)(1) (Vernon Supp.
2002).  A person commits such an offense
if he knowingly causes bodily injury to a person the actor knows is a public
servant while the public servant is lawfully discharging an official duty.  See id.  Appellant argues the State failed to allege
or prove what specific official duty the officer was lawfully discharging when
he suffered bodily injury.  The evidence
shows that Officer Pederson and his partner were on duty, working patrol and
wearing uniforms, when they were dispatched to investigate a reported
disturbance.  Based upon this evidence, a
reasonable fact finder could have determined beyond a reasonable doubt that
Officer Pederson was lawfully discharging his official duties at the time of
the assault.  Farris v. State, 819
S.W.2d 490, 496 (Tex. Crim. App. 1990), overruled
on other grounds by Riley v. State, 889 S.W.2d 290, 298 (Tex. Crim. App. 1993) (finding, in similar circumstances,
sufficient evidence that an officer was acting in the lawful discharge of an
official duty while investigating a suspicious circumstance in uniform and
driving an official patrol vehicle). 
Appellant=s second point of error is overruled.

Jury
Charge

In
his third and final point of error, appellant claims the trial court erred by
failing to apply the law to the facts of the case in the application paragraph
of the jury charge and in failing to define Aofficial duty.@  However, when the
charge was presented to appellant=s counsel for objections, he did not object.  An appellant complaining for the first time
on appeal of an error in the charge that was not objected to at trial will
obtain a reversal only if the error is so egregious and created such harm that
appellant was denied a fair and impartial trial.  Barrera v. State,
982 S.W.2d 415, 417 (Tex. Crim. App. 1998); Almanza v. State, 686 S.W.2d 157, 172 (Tex. Crim. App. 1984). 
To determine whether an error is egregious, the actual degree of harm
must be assessed in light of the entire jury charge, the state of the evidence,
including the contested issues, the weight of the probative evidence, the
argument of counsel, and any other relevant information revealed by the record
in the trial as a whole.  Cole v.
State, 46 S.W.3d 427, 433 (Tex. App.CFort
Worth 2001, pet. ref=d).








In
the indictment, the State alleged appellant Aknowingly cause[d] bodily injury to  . . . Complainant, a person the Defendant
knew was a public servant while the Complainant was lawfully discharging an
official duty, to-wit: a peace officer . . . .@  Appellant alleges the
trial court erred in failing to provide a definition of Aofficial
duty.@  A trial court is responsible for delivering
to the jury Aa written charge distinctly setting forth the law applicable to
the case.@  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2002).  A charge could not fully set forth that law
without including the definitions of those words and phrases that have been
legislatively provided.  See Tex. Pen. Code Ann.
'
1.07 (Vernon 1994) (listing statutory definitions of words and phrases); see
also Arline v. State, 721 S.W.2d 348, 352 n.4 (Tex. Crim.
App. 1986) (recognizing case law inferentially
supports the conclusion that a statutorily defined word or phrase must be
included in the charge as part of the law applicable to the case).  However, Aofficial duty@ is not statutorily defined. 
See Tex. Pen. Code Ann. '' 1.07 (Vernon 1994), 22.01 (Vernon Supp. 2002).  Accordingly, we find no support for appellant=s
argument that the trial court erred in failing to provide a definition, not
requested by appellant and not defined by statute.  See Nejnaoui v.
State, 44 S.W.3d 111, 119 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (recognizing a trial court has broad discretion in
submitting proper definitions and explanatory phrases to the jury).  

Even
if the trial court erred, the error does not rise to the level of egregious
harm or constitutional error.  See
Barrera, 982 S.W.2d at 780.  As previously discussed, the evidence
supports the jury=s finding that Officer Pederson was lawfully discharging an
official duty at the time of the assault. 
Even without a definition, in light of this evidence, we conclude that
appellant did not suffer egregious harm sufficient to deny him a fair and
impartial trial. 

Appellant
further argues that the trial court erred in failing to apply the facts of the
case to the law in the application paragraph. 
However, absent an objection or request by appellant, no error exists
when the portion of the charge applying the facts to the law duplicates the
language in the indictment.  See
Rivera v. State, 885 S.W.2d 581, 585 (Tex. App.CEl Paso
1994, no pet.); see, e.g., Brewer v. State, 852 S.W.2d 643, 645 (Tex. App.CDallas
1993, no pet.) (recognizing that a defendant is not
entitled to a more specific application of the law of parties when failing to
object or to file a specially requested charge).  In this case, we find no discrepancy between
the indictment and the jury charge.  

Accordingly,
appellant=s third point of error is overruled.  

            The
judgment of the trial court is affirmed.

 

/s/        Leslie
Brock Yates

Justice

 








Judgment rendered and Opinion filed August 8, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C Tex. R.
App. P. 47.3(b).