IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1579-04






JOSEPH DANIEL PARSONS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


FALLS COUNTY





 Per Curiam.


O P I N I O N 



 Appellant claims that the court of appeals erred by using an incorrect legal analysis
in holding that he did not suffer egregious harm by the trial court's failure to define
"serious bodily injury" in the jury charge. The State acknowledges that the court of
appeals erred, and we agree. We reverse the judgment of the court of appeals (1) and
remand the case to that court for further consideration.

 Appellant was indicted for aggravated assault. At trial, the State's evidence
showed that appellant shot Calvin Penny without provocation as appellant drove by Mr.
Penny's home in his truck. However, appellant testified that he shot Mr. Penny in self-defense when he drove to Mr. Penny's mailbox to deliver a misdirected letter to his
former wife who was, by then, married to Mr. Penny. According to appellant, he saw Mr.
Penny coming toward him with a gun, and it was only after Mr. Penny shot at him that he
returned fire.

 The trial judge, sua sponte, included a jury instruction on self-defense, but he
omitted a definition of the term "serious bodily injury." Appellant did not object to this
omission. The jury convicted appellant of aggravated assault and sentenced him to seven
years' imprisonment.

 Appellant appealed, claiming that the omission of a definition of "serious bodily
injury" in the jury charge on self-defense was error and it caused him egregious harm
under Almanza. (2) The court of appeals rejected this complaint, concluding that "Almanza

does not govern unobjected-to omissions from the charge-only 'errors' actually in the charge. 
Posey v. State, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998)." (3)

 The court of appeals was mistaken in relying on Posey because the trial court did not
omit an instruction altogether. Instead, it failed to include the statutory definition of "serious
bodily injury," a term that was included as part of the self-defense instruction. As we
reasoned in State v. Barrera, (4)

 A trial court has no duty to sua sponte charge the jury on unrequested
defensive issues raised by the evidence. However, having undertaken on its
own to charge the jury on this issue, the trial court in this case signaled that
self-defense was the "law applicable to the case." Therefore any flaw in the
charge on self-defense amounts to an error in the charge. . . . (5)


The same is true in the present case.

 Thus, the court of appeals erred in holding that the error in the jury charge was
"waived." We reverse the judgment of the court of appeals and remand this case to that court
to conduct a harm analysis under Almanza.

Delivered: November 23, 2005

Do Not Publish
1. Parsons v. State, No. 10-03-00007-CR, 2004 Tex. App. LEXIS 5672 (Tex. App.-Waco
2004). The court of appeals withdrew this June 23, 2004, opinion after appellant filed his
petition for discretionary on July 20, 2004. However, the court of appeals failed to issue a new
opinion in place of its original one until September 8, 2004. At that time, however, the court of
appeals no longer had jurisdiction to issue its second opinion. Tex. R. App. P. 50. Thus, we
ordered the opinion issued on September 8, 2004, withdrawn, and the original opinion issued on
June 23, 2004, reinstated. Parsons v. State, No. PD-1579-04, 2005 Tex. Crim. App. LEXIS 144
(Tex. Crim. App., Feb. 2, 2005). Therefore, we cannot consider the contents of the court of
appeals's withdrawn opinion of September 8, 2004.
2. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op.on reh'g).
3. Parsons, 2004 Tex. App. LEXIS 5672 *3.
4. 982 S.W.2d 415 (Tex. Crim. App. 1998).
5. Id. at 416 (citation and reference to Posey omitted).