COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MIGUEL SILVAS, | § | No. 08-08-00199-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20080D01865) |
| | § | |

**O P I N I O N**

Miguel Silvas appeals his conviction for aggravated sexual assault of a child. A jury found Appellant guilty of aggravated sexual assault of a child and indecency with a child. Appellant challenges the conviction for aggravated sexual assault of a child on the basis of an error in the jury charge.

Appellant was charged with one count of aggravated sexual assault of a child (Count I) and two counts of indecency with a child (Counts II and III). The jury found Appellant guilty of Counts I and II, and the trial court dismissed Count III.

In the trial court's jury charge instructions, the definitions section stated:

A person commits 'Aggravated Sexual Assault of a Child' if the person intentionally or knowingly causes the penetration of the female sexual organ or anus of a child by any means, and the child is younger than 14 years of age.

.        .        .

'Child'- For the purposes of the charge of Aggravated Sexual Assault of a Child, means a person younger than 14 years of age. For the purposes of the charge of Indecency with a Child, means a person who is younger than 17 years

and not the spouse of the actor.

The application section of the jury charge regarding Count I stated:

> If you find from the evidence beyond a reasonable doubt that on or about the 4th day of September 2007 in El Paso County, Texas the Defendant, MIGUEL SILVAS, did then and there intentionally or knowingly cause the penetration of the anus of ANGENI MARTINEZ, a child, who was then and there younger than 17 years of age, by the means of the finger of MIGUEL SILVAS, then you will find the Defendant, MIGUEL SILVAS, guilty as charged in Count 1 of the indictment (Verdict Form A).
> Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant, MIGUEL SILVAS, of Aggravated Sexual Assault of a Child, as charged in Count I of the Indictment (Verdict Form B).

On appeal, Appellant raises three issues: (1) the trial court erred by failing to properly instruct the jury that it could assess a punishment in accordance with the punishment range for a first degree felony instead of the punishment range for a second degree felony of sexual assault of a child; (2) the trial court constructively amended the indictment by instructing the jury in the guilt-innocence charge to determine whether the State had proven the offense elements of sexual assault of a child rather than aggravated sexual assault of a child; and (3) the trial court deprived him of his Sixth and Fourteenth Amendment rights under the U.S. Constitution by failing to require the jury to find him guilty of the charged offense beyond a reasonable doubt on every element of the crime.

All of these issues are based on the argument that there was a jury charge error with respect to Count I, aggravated sexual assault of a child.

When an appellant claims that a jury charge error violated his constitutional right, but fails to preserve the jury charge error, Article 36.19 of the Texas Code of Criminal Procedure sets out the applicable standard of review. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex.Crim.App.

-2-

1996). Article 36.19 provides in part that "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 2006).

In analyzing a jury charge issue, a court first decides whether an error exists. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). If there is an error, the court analyzes that error for harm. *Id*. The court views the charge as a whole and does not restrict the review to a series of isolated statements or parts of the charge standing alone. *Washington v. State*, 930 S.W.2d 695, 698 (Tex.App.--El Paso 1996, no pet.). The degree of harm necessary for reversal depends on whether a defendant preserved the error by objection. *Ngo,* 175 S.W.2d at 743. Jury charge error requires reversal when the defendant has properly objected to the charge and the reviewing court finds "some harm" to his rights. *Id*. at 743-744. When the defendant fails to object or states he has no objection to the charge, the court will not reverse for charge error unless the record shows "egregious harm" to the defendant. *Id*. Egregious harm exists when a court determines that "the case for conviction or punishment was actually made clearly and significantly more persuasive by the error." *Saunders v. State*, 817 S.W.2d 688, 692 (Tex.Crim.App. 1991). The purpose behind this analysis is to show whether any jury charge error has actually--not merely theoretically--harmed the accused. *Rudd v. State*, 921 S.W.2d 370, 373 (Tex.App.--Texarkana 1996, pet. ref'd).

The actual degree of harm must be evaluated in light of: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and the weight of the probative evidence; (3) the final arguments of the parties; and (4) any other relevant information revealed by the trial

record as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex.Crim.App. 2008). A jury charge error harms a defendant egregiously if it affects the "very basis" of a case and "deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id*. at 264.

A person commits the offense of aggravated sexual assault if he "intentionally and knowingly causes the penetration of the anus or sexual organ of a child by any means," and "the victim is younger than 14 years of age." TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 2009).

In Issue One, Appellant contends the trial court erred by failing to properly instruct the jury that the jury could assess a punishment in accordance with the punishment range for aggravated sexual assault of a child, a first degree felony, instead of a second degree felony of sexual assault of a child. The indictment charged Appellant with "intentionally and knowingly [causing] the penetration of the anus of ANGENI MARTINEZ, a child who was then and there younger than 14 years of age, by the means of the finger of [Appellant]." In contrast, the jury charge's application section of Count I contained an instruction that the victim must be younger than seventeen years of age at the time of the offense. Because the age stated in the application paragraph of Count I in the jury charge departs from the statutory requirement of fourteen years of age, the charge was erroneous. *See* TEX.PENAL CODE ANN. § 22.021(a)(1)(A)(i), (2)(B).

Next, we must determine whether the harm is sufficient to warrant reversal. *See Ngo*, 175 S.W.3d at 743. Because Appellant did not object to the jury charge at trial, we cannot reverse for such an error unless the record shows egregious harm to him. *See Ngo*, 175 S.W.3d at 743-44.

The abstract section of the jury charge correctly indicated the elements of aggravated sexual assault of a child by stating that a person commits aggravated sexual assault of a child if

-4-

that person "intentionally or knowingly causes the penetration of the female sexual organ or anus of a child by any means, and the child is younger than 14 years of age." *See* TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B). The jury charge also defined "child" for the charge of aggravated sexual assault of a child as a person younger than fourteen years old. Because the abstract as well as the definitions sections instructed the victim's age as younger than fourteen years old, we conclude the jury charge, when viewed in its entirety, informed the jury of the correct requisite age element for the commission of aggravated sexual assault of a child. *See Allen*, 253 S.W.3d at 264.

Next, we look at the state of the evidence. The victim's age was not a contested issue at trial. The indictment and charge stated the offense occurred on or about September 4, 2007. Testimony and evidence show that the victim was born on July 5, 2000, and that she was seven years old when the offense occurred. Thus, the evidence also informed the jury of the correct requisite age element for the commission of aggravated sexual assault of a child. *See id*.

Lastly, we look at the arguments made at trial. During voir dire, the State provided the elements required to prove the offense of aggravated sexual assault of a child, including the requirement that the victim was under fourteen years of age when the offense took place. The State later specifically defined "child" for the offense of aggravated sexual assault of a child as a person younger than fourteen, at the request of the venire members. In its closing argument, the State reviewed the evidence supporting each element of the offense of aggravated sexual assault of a child, which included the victim being a child younger than fourteen years of age at the time of offense. In addition, in the defense's closing argument, counsel referred to the child victim by stating: "Now you and I know that this child is a 7-year-old." This shows that there was no

dispute between the parties at trial with regards to the child victim's age at the time of the offense.

The charge in its entirety, the state of the evidence, and the arguments presented at trial show that the statutory requirement that the victim be under fourteen years of age was used consistently throughout trial. The jury charge error did not affect the case's very basis and did not deprive Appellant of a valuable right or vitally affect any defensive theories. *See Allen*, 253 S.W.3d at 264. We conclude the jury charge error did not cause Appellant egregious harm. Accordingly, we overrule Issue One.

In Issue Two, Appellant argues the trial court constructively amended the indictment by instructing the jury in the guilt-innocence charge to determine whether the State had proven the offense elements of sexual assault of a child rather than aggravated sexual assault of a child. Appellant argues that this deprived him of his Fifth Amendment right to be tried only on the charges returned by a grand jury and deprived him of his Fifth Amendment due process right to a fair trial.

The same analysis used for Issue One applies here. Appellant failed to object to the erroneous jury instruction, which he alleges to have constructively amended the indictment, at trial. Therefore, the error must have egregiously harmed Appellant to warrant a reversal on this issue. *See Ngo*, 175 S.W.3d at 743-44. The record shows that the entire jury charge as well as all evidence and arguments addressed whether Appellant committed the offense of first degree aggravated sexual assault of a child by requiring the victim's age to be younger than fourteen years old at the time of the offense. The record as a whole does not address whether he had committed the offense of second degree sexual assault of a child by requiring the victim's age to

-6-

be younger than seventeen years of age.  Viewing the record in its entirety, the error in the application section of the jury charge did not have the effect of charging Appellant with a different offense.  The trial court did not constructively amend Appellant's indictment by instructing the jury in the guilt-innocence charge to determine whether the State had proven the elements of an offense different than the one he had been charged with.  Therefore, we overrule Issue Two.

In Issue Three, Appellant argues the trial court deprived him of his Sixth and Fourteenth Amendment rights under the U.S. Constitution by failing to require the jury to find him guilty of the charged offense beyond a reasonable doubt on every element of the crime.  The Texas Court of Criminal Appeals addressed this argument in *Barrera*.  *See Barrera v. State*, 982 S.W.2d 415 (Tex.Crim.App. 1998).  In that case, the defendant appealed his conviction by arguing that the trial court erred in failing to apply the law of self-defense to the facts of the case and failing to instruct the jury that a reasonable doubt on the issue of self-defense required acquittal.  *See Barrera*, 982 S.W.2d. at 416.  At trial, the defendant did not request a self-defense instruction and did not object to the charge as given.  *See id*.  The court of appeals agreed with defendant, opined that the error implicates rights derived from the U.S. Constitution, and analyzed the error under the federal harmless error rule.  *See id*.  However, the Texas Court of Criminal Appeals held that the trial court's error did not implicate defendant's federal constitutional rights.  *See id*. at 417.  Instead, the Court concluded the failure to apply the law of a case to its facts constituted merely a technical violation of a rule under state law.  *See Barrera*, 982 S.W.2d at 417.  The Court opined that this follows from federal decisions concluding that generally, "'instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional

issues.'"  *Id*.  A constitutional violation occurs only if a reasonable likelihood exists that the jury understood the instructions to allow conviction on proof that fails to meet the *Winship* standard.  *Id*.  *Winship* held that to convict a defendant, a court's charge must require the jury to find the State proved each element of the charged offense beyond a reasonable doubt.  *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).  A charge that fails to do so is erroneous.  *See id*.

Here, the State prosecuted Appellant in a state trial, but he contends that the jury charge error violated his federal constitutional rights.  Because any failure by the state trial court to apply the correct law to the facts of Appellant's case does not amount to a federal constitutional error, Appellant's argument fails.  *See Barrera*, 982 S.W.2d at 417.  Thus, we overrule Issue Three.

Having overruled Appellant's issues presented for review, we affirm the judgment of the trial court.


August 25, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Garcia, Judge
Garcia, Judge (Sitting by Assignment)

(Do Not Publish)