COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





MIGUEL SILVAS,

                            Appellant,

v.


THE STATE OF TEXAS,
 
                            Appellee.

                           

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00199-CR

Appeal from the

120th District Court

of El Paso County, Texas 

(TC# 20080D01865)





O P I N I O N

            Miguel Silvas appeals his conviction for aggravated sexual assault of a child. A jury
found Appellant guilty of aggravated sexual assault of a child and indecency with a child. 
Appellant challenges the conviction for aggravated sexual assault of a child on the basis of an
error in the jury charge.
            Appellant was charged with one count of aggravated sexual assault of a child (Count I)
and two counts of indecency with a child (Counts II and III). The jury found Appellant guilty of
Counts I and II, and the trial court dismissed Count III.
            In the trial court’s jury charge instructions, the definitions section stated:
A person commits ‘Aggravated Sexual Assault of a Child’ if the person
intentionally or knowingly causes the penetration of the female sexual organ or
anus of a child by any means, and the child is younger than 14 years of age.

. . .
 
‘Child’- For the purposes of the charge of Aggravated Sexual Assault of a
Child, means a person younger than 14 years of age. For the purposes of the
charge of Indecency with a Child, means a person who is younger than 17 years
and not the spouse of the actor.

            The application section of the jury charge regarding Count I stated:
 
If you find from the evidence beyond a reasonable doubt that on or about
the 4th day of September 2007 in El Paso County, Texas the Defendant, MIGUEL
SILVAS, did then and there intentionally or knowingly cause the penetration of
the anus of ANGENI MARTINEZ, a child, who was then and there younger than
17 years of age, by the means of the finger of MIGUEL SILVAS, then you will
find the Defendant, MIGUEL SILVAS, guilty as charged in Count 1 of the
indictment (Verdict Form A).
Unless you so find beyond a reasonable doubt or if you have a reasonable
doubt thereof, you will acquit the Defendant, MIGUEL SILVAS, of Aggravated
Sexual Assault of a Child, as charged in Count I of the Indictment (Verdict Form
B).

            On appeal, Appellant raises three issues: (1) the trial court erred by failing to properly
instruct the jury that it could assess a punishment in accordance with the punishment range for a
first degree felony instead of the punishment range for a second degree felony of sexual assault of
a child; (2) the trial court constructively amended the indictment by instructing the jury in the
guilt-innocence charge to determine whether the State had proven the offense elements of sexual
assault of a child rather than aggravated sexual assault of a child; and (3) the trial court deprived
him of his Sixth and Fourteenth Amendment rights under the U.S. Constitution by failing to
require the jury to find him guilty of the charged offense beyond a reasonable doubt on every
element of the crime.
            All of these issues are based on the argument that there was a jury charge error with
respect to Count I, aggravated sexual assault of a child.
            When an appellant claims that a jury charge error violated his constitutional right, but
fails to preserve the jury charge error, Article 36.19 of the Texas Code of Criminal Procedure sets
out the applicable standard of review. Hutch v. State, 922 S.W.2d 166, 170 (Tex.Crim.App.
1996). Article 36.19 provides in part that “the judgment shall not be reversed unless the error
appearing from the record was calculated to injure the rights of defendant, or unless it appears
from the record that the defendant has not had a fair and impartial trial.” Tex.Code
Crim.Proc.Ann. art. 36.19 (Vernon 2006).
            In analyzing a jury charge issue, a court first decides whether an error exists. Ngo v.
State, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). If there is an error, the court analyzes that
error for harm. Id. The court views the charge as a whole and does not restrict the review to a
series of isolated statements or parts of the charge standing alone. Washington v. State, 930
S.W.2d 695, 698 (Tex.App.--El Paso 1996, no pet.). The degree of harm necessary for reversal
depends on whether a defendant preserved the error by objection. Ngo, 175 S.W.2d at 743. Jury
charge error requires reversal when the defendant has properly objected to the charge and the
reviewing court finds “some harm” to his rights. Id. at 743-744. When the defendant fails to
object or states he has no objection to the charge, the court will not reverse for charge error
unless the record shows “egregious harm” to the defendant. Id. Egregious harm exists when a
court determines that “the case for conviction or punishment was actually made clearly and
significantly more persuasive by the error.” Saunders v. State, 817 S.W.2d 688, 692
(Tex.Crim.App. 1991). The purpose behind this analysis is to show whether any jury charge
error has actually--not merely theoretically--harmed the accused. Rudd v. State, 921 S.W.2d 370,
373 (Tex.App.--Texarkana 1996, pet. ref’d).
            The actual degree of harm must be evaluated in light of: (1) the entire jury charge; (2) the
state of the evidence, including the contested issues and the weight of the probative evidence; (3)
the final arguments of the parties; and (4) any other relevant information revealed by the trial
record as a whole. Allen v. State, 253 S.W.3d 260, 264 (Tex.Crim.App. 2008). A jury charge
error harms a defendant egregiously if it affects the “very basis” of a case and “deprives the
defendant of a valuable right, or vitally affects a defensive theory.” Id. at 264.
            A person commits the offense of aggravated sexual assault if he “intentionally and
knowingly causes the penetration of the anus or sexual organ of a child by any means,” and “the
victim is younger than 14 years of age.” Tex.Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B)
(Vernon Supp. 2009).
            In Issue One, Appellant contends the trial court erred by failing to properly instruct the
jury that the jury could assess a punishment in accordance with the punishment range for
aggravated sexual assault of a child, a first degree felony, instead of a second degree felony of
sexual assault of a child. The indictment charged Appellant with “intentionally and knowingly
[causing] the penetration of the anus of ANGENI MARTINEZ, a child who was then and there
younger than 14 years of age, by the means of the finger of [Appellant].” In contrast, the jury
charge’s application section of Count I contained an instruction that the victim must be younger
than seventeen years of age at the time of the offense. Because the age stated in the application
paragraph of Count I in the jury charge departs from the statutory requirement of fourteen years
of age, the charge was erroneous. See Tex.Penal Code Ann. § 22.021(a)(1)(A)(i), (2)(B).
            Next, we must determine whether the harm is sufficient to warrant reversal. See Ngo, 175
S.W.3d at 743. Because Appellant did not object to the jury charge at trial, we cannot reverse for
such an error unless the record shows egregious harm to him. See Ngo, 175 S.W.3d at 743-44.
            The abstract section of the jury charge correctly indicated the elements of aggravated
sexual assault of a child by stating that a person commits aggravated sexual assault of a child if
that person “intentionally or knowingly causes the penetration of the female sexual organ or anus
of a child by any means, and the child is younger than 14 years of age.” See Tex.Penal Code
Ann. § 22.021(a)(1)(B)(i), (2)(B). The jury charge also defined “child” for the charge of
aggravated sexual assault of a child as a person younger than fourteen years old. Because the
abstract as well as the definitions sections instructed the victim’s age as younger than fourteen
years old, we conclude the jury charge, when viewed in its entirety, informed the jury of the
correct requisite age element for the commission of aggravated sexual assault of a child. See
Allen, 253 S.W.3d at 264.
            Next, we look at the state of the evidence. The victim’s age was not a contested issue at
trial. The indictment and charge stated the offense occurred on or about September 4, 2007.
Testimony and evidence show that the victim was born on July 5, 2000, and that she was seven
years old when the offense occurred. Thus, the evidence also informed the jury of the correct
requisite age element for the commission of aggravated sexual assault of a child. See id.
            Lastly, we look at the arguments made at trial. During voir dire, the State provided the
elements required to prove the offense of aggravated sexual assault of a child, including the
requirement that the victim was under fourteen years of age when the offense took place. The
State later specifically defined “child” for the offense of aggravated sexual assault of a child as a
person younger than fourteen, at the request of the venire members. In its closing argument, the
State reviewed the evidence supporting each element of the offense of aggravated sexual assault
of a child, which included the victim being a child younger than fourteen years of age at the time
of offense. In addition, in the defense’s closing argument, counsel referred to the child victim by
stating: “Now you and I know that this child is a 7-year-old.” This shows that there was no
dispute between the parties at trial with regards to the child victim’s age at the time of the
offense.
            The charge in its entirety, the state of the evidence, and the arguments presented at trial
show that the statutory requirement that the victim be under fourteen years of age was used
consistently throughout trial. The jury charge error did not affect the case’s very basis and did
not deprive Appellant of a valuable right or vitally affect any defensive theories. See Allen, 253
S.W.3d at 264. We conclude the jury charge error did not cause Appellant egregious harm. 
Accordingly, we overrule Issue One.
            In Issue Two, Appellant argues the trial court constructively amended the indictment by
instructing the jury in the guilt-innocence charge to determine whether the State had proven the
offense elements of sexual assault of a child rather than aggravated sexual assault of a child.
Appellant argues that this deprived him of his Fifth Amendment right to be tried only on the
charges returned by a grand jury and deprived him of his Fifth Amendment due process right to a
fair trial.
            The same analysis used for Issue One applies here. Appellant failed to object to the
erroneous jury instruction, which he alleges to have constructively amended the indictment, at
trial. Therefore, the error must have egregiously harmed Appellant to warrant a reversal on this
issue. See Ngo, 175 S.W.3d at 743-44. The record shows that the entire jury charge as well as
all evidence and arguments addressed whether Appellant committed the offense of first degree
aggravated sexual assault of a child by requiring the victim’s age to be younger than fourteen
years old at the time of the offense. The record as a whole does not address whether he had
committed the offense of second degree sexual assault of a child by requiring the victim’s age to
be younger than seventeen years of age. Viewing the record in its entirety, the error in the
application section of the jury charge did not have the effect of charging Appellant with a
different offense. The trial court did not constructively amend Appellant’s indictment by
instructing the jury in the guilt-innocence charge to determine whether the State had proven the
elements of an offense different than the one he had been charged with. Therefore, we overrule
Issue Two.
            In Issue Three, Appellant argues the trial court deprived him of his Sixth and Fourteenth
Amendment rights under the U.S. Constitution by failing to require the jury to find him guilty of
the charged offense beyond a reasonable doubt on every element of the crime. The Texas Court
of Criminal Appeals addressed this argument in Barrera. See Barrera v. State, 982 S.W.2d 415
(Tex.Crim.App. 1998). In that case, the defendant appealed his conviction by arguing that the
trial court erred in failing to apply the law of self-defense to the facts of the case and failing to
instruct the jury that a reasonable doubt on the issue of self-defense required acquittal. See
Barrera, 982 S.W.2d. at 416. At trial, the defendant did not request a self-defense instruction
and did not object to the charge as given. See id. The court of appeals agreed with defendant,
opined that the error implicates rights derived from the U.S. Constitution, and analyzed the error
under the federal harmless error rule. See id. However, the Texas Court of Criminal Appeals
held that the trial court’s error did not implicate defendant’s federal constitutional rights. See id.
at 417. Instead, the Court concluded the failure to apply the law of a case to its facts constituted
merely a technical violation of a rule under state law. See Barrera, 982 S.W.2d at 417. The
Court opined that this follows from federal decisions concluding that generally, “‘instructions to
the jury in state trials are matters of state law and procedure not involving federal constitutional
issues.’” Id. A constitutional violation occurs only if a reasonable likelihood exists that the jury
understood the instructions to allow conviction on proof that fails to meet the Winship standard. 
Id. Winship held that to convict a defendant, a court’s charge must require the jury to find the
State proved each element of the charged offense beyond a reasonable doubt. See In re Winship,
397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). A charge that fails to do so is
erroneous. See id.
            Here, the State prosecuted Appellant in a state trial, but he contends that the jury charge
error violated his federal constitutional rights. Because any failure by the state trial court to
apply the correct law to the facts of Appellant’s case does not amount to a federal constitutional
error, Appellant’s argument fails. See Barrera, 982 S.W.2d at 417. Thus, we overrule Issue
Three.
            Having overruled Appellant’s issues presented for review, we affirm the judgment of the
trial court.


August 25, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Garcia, Judge
Garcia, Judge (Sitting by Assignment)

(Do Not Publish)