**Affirmed and Memorandum Opinion filed October 14, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00215-CR

---

### KHAHN PHAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1225435**

---

## M E M O R A N D U M   O P I N I O N

Appellant Khahn Phan appeals his conviction for the murder of Simon Truong. In two issues, appellant challenges (1) the admission of his confession on the grounds that the arresting officer's willful delay prior to bringing him before a magistrate rendered his confession inadmissible under Article 15.17 of the Texas Code of Criminal Procedure; and (2) the trial court's failure to instruct the jury *sua sponte* that if it found appellant's confession involuntary beyond a reasonable

doubt, it could not consider the confession as evidence. We hold that even if the delay between appellant's arrest and magistrate hearing was unreasonable, the trial court did not abuse its discretion in finding that appellant received *Miranda* warnings and admitting his confession. We also conclude that even if a jury instruction on the issue of voluntariness was required, appellant did not suffer egregious harm as a result of the omission. We therefore affirm the trial court's judgment.

## BACKGROUND

Simon Truong was shot and killed outside a bar located on Bellaire Boulevard in Houston, Texas. Sergeant Brian Harris was tasked with investigating the murder. Following his investigation, Sergeant Harris arrested appellant for the offense. Within the first 20 hours after the arrest, Harris met with appellant three times without taking him before a magistrate.

During the initial interrogation, after appellant received the requisite *Miranda*[1] warnings, Harris employed a "shock and awe" strategy in which he lied to appellant about the evidence against him. This effort was designed to elicit a confession. Despite Officer Harris's deceptions, however, appellant denied any involvement in the murder. After the first interrogation, Harris deliberately avoided taking appellant before a magistrate because he wanted appellant to spend the night in jail.

The next morning, Harris met with appellant a second time. Harris did not record this conversation or read appellant *Miranda* warnings. Harris testified that the meeting was not an interrogation and that he merely talked to appellant about his family and about individuals who had provided Harris with statements. Harris

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966); *see also* Tex. Code Crim. Proc. Ann. art. 38.22.

also said that appellant would need to initiate contact if he wanted to discuss the case further. Harris then returned appellant to his cell and went directly to his office. On arrival, Harris was informed he had received a message from appellant requesting a meeting.

Later that day, Harris met with appellant a third time. The interrogation was recorded and Harris read appellant the required *Miranda* warnings. Harris testified that he did not utilize any deceitful tactics during this interrogation but instead let appellant do most of the talking. Appellant confessed to the murder of Simon Truong. Finally, approximately 36 hours after his arrest, appellant was taken for a magistrate hearing.

At trial, appellant filed a motion to suppress his confession on two grounds. First, appellant argued that the confession was involuntary. Appellant alleged Sergeant Harris's deceitful behavior during the first two meetings tainted the third encounter and that he never validly waived his rights.[2] Second, appellant alleged that the 36-hour time period between his arrest and magistrate hearing constituted an unreasonable delay under Article 15.17 of the Texas Code of Criminal Procedure and therefore his confession was inadmissible. The trial court ruled that appellant's confession was admissible, finding that the previous encounters did not taint the confession and that it was voluntarily given. In particular, the court found that appellant requested to meet with Harris and received *Miranda* warnings prior to his confession, and that the delay was not unreasonable given that the statute contemplates delays of up to 48 hours before an individual is taken to see a magistrate.

---

[2] Appellant does not renew this argument as a separate issue on appeal.

3

During Sergeant Harris's testimony to the jury, appellant drew attention to Harris's admittedly deceitful statements at the first interrogation and the unrecorded second meeting. Although appellant did not ask the trial court to instruct the jury that it could not consider his confession as evidence if it found the confession was involuntarily given, the trial court nevertheless instructed the jury not to consider any evidence gathered in violation of the "Constitution or laws of the State of Texas, or of the Constitution or laws of the United States . . . ." At closing arguments, appellant alleged that Harris's conduct had manipulated him into confessing at the final interrogation. These arguments proved unsuccessful, however, as the jury found appellant guilty of the murder of Simon Truong.

## ANALYSIS

### I. The Trial Court did not abuse its discretion in admitting appellant's confession.

In his first issue, appellant argues that Sergeant Harris's willful failure to take him before a magistrate in a deliberate attempt to extract a confession rendered the delay between his arrest and magistrate hearing unreasonable under Article 15.17 of the Texas Code of Criminal Procedure. As a result of the unreasonable delay, appellant contends, the trial court erred in admitting his confession. We hold that even if the delay was unreasonable, appellant has not met his burden of demonstrating that the trial court abused its discretion in finding that appellant received *Miranda* warnings and admitting his confession.

#### A. Standard of review

We review for abuse of discretion a trial court's ruling on a motion to suppress a confession as involuntary. *Delao v. State*, 235 S.W.3d 235, 238–39 (Tex. Crim. App. 2007). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the evidence presented at the hearing on the

4

motion. *Id.* "A trial judge's decision on the admissibility of evidence . . . will not be reversed if it is within the zone of reasonable disagreement." *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). We "must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). This principle holds true even when the trial judge gives the wrong reason for his decision, and is especially true with regard to admission of evidence. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

**B. Any unreasonable delay in taking appellant before a magistrate does not invalidate his otherwise voluntary confession because he was given *Miranda* warnings.**

An arresting officer "shall without unnecessary delay" have the arrested person taken before a magistrate. Tex. Code Crim. Proc. art. 15.17(a). Assuming without deciding that the 36-hour delay in this case was unnecessary and unreasonable, we overrule appellant's first issue because we hold the trial court did not abuse its discretion in admitting his confession.

"The failure to take an arrestee before a magistrate in a timely manner will not invalidate a confession unless there is proof of a causal connection between the delay and the confession." *Cantu v. State*, 842 S.W.2d 667, 680 (Tex. Crim. App. 1992). In this case, the trial court found that appellant was read his *Miranda* rights before the final interrogation and subsequent confession and that the confession was voluntary. "[I]t is well-settled that an unreasonable delay in bringing an arrestee before a magistrate will not invalidate an otherwise voluntary confession if the arrestee was properly advised of his *Miranda* rights prior to making the statement." *Garcia v. State*, 191 S.W.3d 870, 876 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citation omitted); *see Cantu*, 842 S.W.2d at 680. The

5

testimony of Sergeant Harris summarized above supports the trial court's findings. Accordingly, the trial court did not abuse its discretion in admitting appellant's confession notwithstanding the delay, and we overrule appellant's first issue.

## II. Appellant did not suffer egregious harm as a result of the trial court's failure to instruct the jury on voluntariness.

In his second issue, appellant contends the trial court erred by failing to instruct the jury *sua sponte* that his confession could not be considered as evidence if it was involuntary. We hold that even if the court should have instructed the jury on the issue of voluntariness, appellant did not suffer egregious harm as a result of the omitted instruction because he was able to make the same voluntariness arguments to the jury under the charge the court provided.

### A. Standard of review and applicable law

In resolving a challenge to the jury charge, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we analyze that error for harm under the applicable standard set out in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g). *See also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If, as here, the defendant did not object to the alleged error at trial, we will reverse only if the error is "so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Id.* (quoting *Almanza*, 686 S.W.2d at 171). "In examining the record to determine whether jury-charge error is egregious, the reviewing court should consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

6

Article 36.14 of the Texas Code of Criminal Procedure requires the trial court to deliver a written charge to the jury "distinctly setting forth the law applicable to the case." Tex. Crim. Proc. Code Ann. art. 36.14 (West 2007). Defensive issues may be forfeited if their inclusion in the charge is not requested. *Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013). If the trial court undertakes to charge the jury on a defensive issue, that issue is included in the law applicable to the case. *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998). Otherwise, unless "a rule or statute requires an instruction under the particular circumstances," the defendant must timely request a defensive issue or object to its omission from the charge in order for it to be considered the law applicable to the case. *Oursbourn v. State*, 259 S.W.3d 159, 179–80 (Tex. Crim. App. 2008); *see also Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008) ("[A] party can forfeit the right to complain about the omission of a defensive issue because the defensive issue must be requested before the trial court has a duty to place it in the charge, and so no 'error' occurs absent a request.").

**B.  Appellant was not egregiously harmed by the absence of a voluntariness instruction because he was able to argue that his confession was involuntary under the court's charge.**

Appellant did not request a jury charge on the issue of voluntariness at trial, and none was given. Appellant nonetheless complains that the trial court had an absolute duty to instruct on voluntariness *sua sponte* under Article 38.22 of the Texas Code of Criminal Procedure. The statute provides that after a judicial determination that a statement was voluntary, evidence on the issue may be submitted to the jury and "it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." Tex. Crim. Proc. Code Ann. art. 38.22 § 6 (West 2005).

7

The State counters that an appellant must actually litigate the issue of voluntariness at trial to be entitled to a section 6 instruction, and that appellant only raised the issue of voluntariness with regard to his first interrogation, which produced no incriminating statements. *Oursborn*, 259 S.W.3d 159, 176 (Tex. Crim. App. 2008) ("An interpretation of Section 6 that requires some sort of litigation before it becomes law applicable to the case accords not only with the statutory language but also with common sense."). Appellant responds that he raised the issue of voluntariness before the jury and therefore an instruction was mandatory.

Assuming without deciding that the voluntariness of appellant's confession was litigated at trial and that failure to include a section 6 instruction was error, we overrule appellant's second issue because we hold he was not egregiously harmed by the omission. The record establishes that the trial court instructed the jury not to consider any evidence that it believed or had a reasonable doubt was obtained in violation of the state or federal constitutions, or of state or federal law. Although this instruction is certainly more general than the one appellant claims he should have received under section 6 of Article 38.22, in substance, the instruction provided appellant a vehicle to have the jury consider the voluntariness of his confession. Furthermore, appellant's counsel took advantage of this vehicle during his closing argument, contending that appellant's confession had been tainted by the officer's conduct during the first two encounters.

Appellant was thus able to argue that his confession was involuntary and should not be considered as evidence under the jury instructions actually provided by the trial court. Under these circumstances, we conclude appellant was not denied a fair trial. *Almanza*, 686 S.W.2d at 171. Accordingly, we hold appellant

8

was not egregiously harmed by the absence of a voluntariness instruction, and we overrule appellant's second issue.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment.

/s/            J. Brett Busby
Justice

Panel consists of Justices Boyce, Busby, and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).