**Affirmed as Modified and Memorandum Opinion filed December 18, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-13-01088-CR

**RUFUS LEE GILDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1829432**

## M E M O R A N D U M   O P I N I O N

Appellant Rufus Lee Gilder appeals his conviction for assault challenging the trial court's jury instruction on self-defense and the amount of court costs assessed in the judgment. Finding the trial court's instruction sufficient, but finding the amount of court costs assessed in the judgment differs from the amount listed in the bill of costs, we modify the trial court's judgment to reflect court costs of $332, and affirm the judgment as modified.

# I. BACKGROUND

The complainant, Blackmon Powell, testified that on the date of the offense he went to the fish market to pick up food, which has been his routine for approximately fifteen years. Powell, a truck driver, had previously worked for appellant. While waiting for his food, Powell saw appellant at the fish market and they had a conversation about truck driving that Powell described as "shop talk."

Approximately fifteen minutes later Powell's food was ready and he left the fish market. Appellant followed Powell to his vehicle. Powell described his conversation with appellant as follows: "Yeah, I think he said something about my truck was raggedy and I didn't have anything. And I told him, you don't have anything, either. I say, I heard that house that you were living in up there in Atascocita wasn't yours, you were leasing the house." Powell placed his food in the car and got into the driver's seat. Appellant said to Powell: "You don't have nothing either. Said, Look at that slick tire on this van." After making that statement, appellant hit Powell in the face, breaking his nose. Powell stepped out of the van and asked appellant what he was doing. Appellant responded by running toward Powell and smashing him against the side of Powell's van.

Appellant's mother came out of the fish market and told appellant to stop. Rather than stop, appellant hit Powell in the face again. Appellant walked to his pickup truck and retrieved a stick, which Powell described as a walking cane. Appellant hit Powell in the head with the cane, said "This is for Ms. Brenda," and "If you say another word I'll kill you."[1] Powell did not fight back, but attempted to hold appellant in a "bear hug" hoping he would stop. After threatening to kill Powell, appellant walked back to his truck, placed the cane in the back, and drove

---

[1] At the time of trial Powell was in the midst of a divorce from Brenda Devaughn, who later testified for appellant.

away.

Powell used his mobile phone to call 911. Appellant's mother asked who Powell was calling. When Powell told her he was calling the police, she responded, "You can call if you want to. . . . I'm going to tell them that you hit him first."

Juan Garcia, one of the responding officers, testified that when he arrived he took a statement from Powell and attempted to talk with appellant's mother. Appellant's mother was uncooperative. There were no other witnesses in the area. An investigator followed up with appellant's mother who told him that Powell hit appellant first. The investigator was unable to locate any other witnesses to the assault.

Martie Brooks-Gilder, appellant's mother, works part-time as a cook at the fish market. She testified that Powell came into the fish market cursing and taunting appellant. When Brooks-Gilder heard Powell say he was "going to fuck him up," she walked out of the kitchen to see what was happening. Brooks-Gilder testified that Powell hit appellant before appellant hit Powell, and the two men "got into a tussle." She admitted she might not have seen the beginning of the fight because she had to ask someone to watch the fish that she had been cooking. Brooks-Gilder said she did not see appellant get a stick out of his truck and hit appellant with it. Two other witnesses testified that Powell was the aggressor.

At the conclusion of guilt-innocence there were no objections to the court's charge. The record reflects that appellant did not request a self-defense charge, but the trial court gave the self-defense charge sua sponte. The jury found appellant guilty of assault and the court assessed appellant's punishment at confinement for 100 days in the Harris County Jail.

## II. ANALYSIS

### A. There was no error in the trial court's jury charge.

In his first issue, appellant argues that the trial court erred in submitting a jury charge that failed to instruct the jury that the State carried the burden of disproving self-defense, and failed to specifically instruct the jury to acquit if they held a reasonable doubt on self-defense. The State responds that the charge properly instructed the jury on its burden and instructed the jury to find appellant not guilty if it held a reasonable doubt on self-defense. We conclude that no error existed in the jury charge.

#### 1. Standard of review

We review a claim of jury charge error using the two-step procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). We first determine whether there is error in the charge. *Barrios*, 283 S.W.3d at 350 (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). Then, if error is found, we analyze that error for harm. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)).

#### 2. The trial court's jury charge

The court's charge instructed the jury:

> Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force. A person is under no obligation to retreat to avoid the necessity of repelling or defending, with force less than deadly force, against an attack or threatened attack.

Therefore, if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, RUFUS LEE GILDER, did assault BLACKMON POWELL, BY STRIKING HIM WITH HIS HAND, as alleged, but you further find from the evidence, or you have a reasonable doubt thereof, that viewed from the standpoint of the defendant at the time, from the words or conduct, or both, it reasonably appeared to the defendant that his person was in danger of bodily injury and there was created in his mind a reasonable expectation or fear of bodily injury from the use of unlawful force at the hands of BLACKMON POWELL and that acting under such apprehension and reasonably believing that the use of force on his part was immediately necessary to protect himself against BLACKMON POWELL'S use or attempted use of unlawful force, the defendant STRUCK BLACKMON POWELL WITH HIS HAND, to defend himself,

OR

if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict not guilty.

**3. The charge properly instructed the jury on the State's burden of proof.**

Appellant argues that the self-defense instruction failed to instruct the jury that the State carried the burden of proving appellant did not act in self-defense. Appellant argues that the charge could be understood to mean that appellant bore the burden of proving self-defense beyond a reasonable doubt.

A defendant bears the burden of producing some evidence in support of a claim of self-defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). Once the defendant produces such evidence, the State bears the burden of persuasion to disprove the raised defense. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913–14. The burden of persuasion is not one that requires the production of

evidence; rather, it requires only that the State prove its case beyond a reasonable doubt. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913.

Self-defense is a defense under section 2.03 of the Texas Penal Code. *See* Tex. Penal Code § 2.03; *Saxton*, 804 S.W.2d at 912 n. 5. "If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted." Tex. Penal Code § 2.03(d). In examining the charge for possible error, reviewing courts must examine the charge as a whole instead of a series of isolated and unrelated statements. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).

The abstract portion of the charge properly instructed the jury that, "The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant." Additionally, the application portion of the charge properly instructed the jury to find appellant not guilty if there was a reasonable doubt as to whether appellant was acting in self-defense. Specifically, the court instructed the jury, "if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict not guilty."

Read as a whole, the jury charge properly placed the burden of proof on the State in the abstract portion, and instructed the jury in the application portion to acquit the defendant if the State did not meet that burden. The trial court did not commit error in the charge with regard to the State's burden of proof. *See Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979) (viewing the charge as a whole, charge placed the burden on the State to show beyond a reasonable doubt that appellant was not acting in self-defense).

6

**4. The charge properly instructed the jury to acquit if they held a reasonable doubt regarding appellant's use of self-defense.**

Appellant argues that the charge failed to instruct the jury that if it has a reasonable doubt on the issue of self-defense the defendant must be acquitted. Specifically, appellant argues the "'then you will acquit the defendant' language was omitted between the words 'to defend himself,' at the end of the first paragraph and before the word 'OR.'"

A review of the court's charge shows that, read logically, the paragraph following the word "OR" is a continuation of the sentence preceding the word "OR." While the preceding sentence is lengthy, read logically, a jury could understand that the phrase, "say by your verdict not guilty," applies to the instructions before and after the word "OR."

Appellant cites *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998), for the proposition that it is error for the trial court to fail to instruct the jury to acquit appellant if it found in favor of the self-defense charge. In *Barrera*, the trial court included the self-defense instruction in the abstract portion of the charge, but omitted it in the application section. *Id.* The Court of Criminal Appeals determined it was error for the court to fail to instruct the jury in the application paragraph to acquit if they held a reasonable doubt on self-defense. *Id.*

This case is distinguishable from *Barrera* in that the trial court properly included language in the application paragraph that required the jury to find appellant "not guilty" if it had a "reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances." We cannot agree that a reasonable jury would have been confused or misled by the instruction.

While the instruction in this case is sufficient, the Texas Pattern Jury Charge

7

contains a more clear charge on self-defense. *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Criminal Pattern Jury Charges: Defenses* §B14.4 (2013).[2] Because we find the trial court did not abuse its discretion in submitting the charge on self-defense, we overrule appellant's first issue.

**B. Assessment of court costs in the judgment is modified to reflect the amount due on the bill of costs.**

In his second issue appellant argues the court costs assessed in the judgment exceed the amount due on the later-issued bill of costs, and requests reformation of the judgment accordingly.

The trial court assessed $337 in court costs in its judgment. The sum of the itemized costs in the cost bill prepared after the judgment was signed is $332. We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

We conclude that the trial court's assessment of costs does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may reform a trial court's judgment to accurately reflect the record when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697,

---

[2] The suggested language in the Pattern Jury Charge is as follows:

If you have found that the state has proved the offense beyond a reasonable doubt, you must next decide whether the state has proved that the defendant's conduct was not justified by self-defense.

To decide the issue of self-defense, you must determine whether the state has proved, beyond a reasonable doubt, one of the following:

1.      The defendant did not believe his conduct was immediately necessary to protect himself against [*name*]'s use [or attempted use] of unlawful force; or

2.      The defendant's belief was not reasonable.

698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b). In accordance with the cost bill in the record, we modify the trial court's judgment to reflect court costs of $332.

### III. CONCLUSION

We modify the trial court's assessment of costs to $332 to reflect the cost bill contained in the record, and affirm the trial court's judgment as modified.

/s/     Tracy Christopher
          Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).