FILED IN
COURT OF CRIMINAL APPEALS

May 6, 2015

ABEL ACOSTA, CLERK

PD-1039-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/4/2015 3:07:22 PM
Accepted 5/5/2015 9:37:30 AM
ABEL ACOSTA
CLERK

# NO. PD-1039-14

# IN THE COURT OF CRIMINAL APPEALS

# OF THE STATE OF TEXAS

## JOSE GUADALUPE RODRIGUEZ ELIZONDO, APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

ON APPEAL FROM CAUSE NO. 13-12-00028-CR
IN THE THIRTEENTH COURT OF APPEALS
TRIAL COURT CASE NO. CR-3485-10-I
FROM THE 398TH JUDICIAL DISTRICT OF HIDALGO COUNTY, TEXAS
The Honorable Linda R. Yañez, Presiding by Assignment

## BRIEF OF STATE/APPELLEE

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS

MICHAEL W. MORRIS, ASSISTANT
State Bar No. 24076880
Lead Counsel for Appellee

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closer Blvd.
Edinburg, Texas 78539
Telephone: (956) 318-2300 ext. 781
Telefax: (956) 380-0407

ATTORNEYS FOR THE STATE

Oral argument is not requeste

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT in this case is Jose Guadalupe Rodriguez Elizondo.

APPELLANT is represented on appeal by Hon. Brandy Wingate, 809A Savannah Ave, #481, McAllen, Texas 78503.

APPELLANT was represented at trial by Hon. Santos Maldonado, 209 E. University Dr., Edinburg, Texas 78539.

APPELLEE in this case is the State of Texas, by and through her Criminal District Attorney for Hidalgo County, the Hon. Ricardo Rodriguez, Jr., Office of Criminal District Attorney, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

APPELLEE is represented on appeal by Hon. Michael W. Morris, Assistant Criminal District Attorney for Hidalgo County, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

APPELLEE was represented at trial by Hon. Rolando Cantu, Assistant District Criminal Attorney for Hidalgo County, and Hon. Criselda Rincon-Flores, Assistant Criminal District Attorney for Hidalgo County, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

# TABLE OF CONTENTS

Identification of Counsel and Parties...................................................................... ii

Table of Contents ..................................................................................................... iii

Index of Authorities ...................................................................................................v

Notation as to Citation ............................................................................................ vii

Statement of the Case ............................................................................................. viii

Issues Presented (Restated)..................................................................................... viii

Statement of Facts......................................................................................................1

Summary of the Argument .........................................................................................1

Argument ...................................................................................................................1

**I.    There was no "Second Provocation", rather there was a continuation of the First and as such the Thirteenth Court of Appeals did not error in its provocation analysis**..................................2

**II.   The Thirteenth Court of Appeals correctly held that the Jury Charge was either not erroneous, Appellant did not suffer the requisite level of harm to warrant reversal or had not preserved the error**........................................................................................4

   **A.  Second Provocation Instruction** .............................................................5

   **B.  Defensive Instruction Error**....................................................................7

   **C.  Harm Analysis Error** ..............................................................................9

   **D.  Cumulative error** ..................................................................................12

Prayer for Relief.......................................................................................................13

Certificate of Compliance ...................................................................................15

Certificate of Delivery ......................................................................................16

# INDEX OF AUTHORITIES

## Cases

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App 1985) .......................8, 9, 11

*Barrera v. State*, 982 S.W2d 415  (Tex. Crim. App 1998) .......................8, 9, 11

*Elizondo v. State*,
2014 Tex. App. LEXIS 462 (Tex. App. Corpus Christi Jan. 16, 2014) ........4, 11

*Frank v. State*, 688 S.W2d 863 (Tex. Crim. App 1985) ......................................8

*Golston v. State*,
2012 Tex. App. LEXIS 5251 (Tex. App. Texarkana June 29, 2012) .................8

*Johnson v. State*, 23 S.W.3d 1 (Tex. Crim. App. 2000) ......................................3

*Linney v. State*, 413 S.W.3d 766 (Tex. Crim. App 2013) .................................13

*Posey v. State*, 966 S.W.2d 57 (Tex. Crim. App. 1998) .................................7, 8

*Reynolds v. State*,
371 S.W.3d 511 (Tex. App. -- Houston [1st Dist.] 2012) ..............................7, 8

*Saxton v. State*, 804 S.W.2d 910 (Tex. Crim. App. 1991) ..............................2, 3

*Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) ...................................13

*Tallant v. State*, 742 S.W.2d 292, 294 (Tex. Crim. App. 1987) .........................3

*VanBrackle v. State*, 179 S.W.3d 708 (Tex. App. --Austin 2005) ....................10

*Ward v. State*, 829 S.W.2d 787 (Tex. Crim. App. 1992) ..................................13

*Westley v. Johnson*, 83 F.3d 714, 726 *5th Cir. 1996) ........................................13

Statutes and Rules

TEX. CODE CRIM. PROC. art. 14.01 (2012) ..........................................................11

TEX. PENAL CODE ANN. § 9.04 (2012)...............................................................7

TEX. PENAL CODE ANN. § 9.31 (2012)...............................................................2

TEX. PENAL CODE ANN. § 9.32 (2012)...............................................................11

**NOTATION AS TO CITATION**

Citation to the record of the case below will be as follows:

1. Citation to the twenty-one volume Reporter's Record (RR) and the one volume Supplemental Reporter' Record (SRR) will be to volume and page, e.g., "2 RR 12" refers to page 12 of volume 2 of the Reporter's Record.

   a. Citation to State's exhibits will be to volume and exhibit, e.g., "21 RR SX 1" refers to State's exhibit one found within volume 21 of the Reporters Record.

   b. Citation to Defense's exhibits will be to volume and exhibit, e.g., "21 RR DX 1" refers to Defense's exhibit one found within volume 21 of the Reporters Record.

2. Citation to the single-volume Clerk's Record (CR) and the single volume Supplemental Clerk's Record (SCR) will be to page only, e.g., "CR 015" refers to page 15 of the Clerk's Record.

3. Citation to Appellant's Brief (AB) will be to page only, e.g., "AB 6" refers to page 6 of the Appellant's Brief.

## STATEMENT OF THE CASE

The State adopts Appellant's Statement of the Case.

## ISSUES PRESENTED

The State adopts Appellant's Issue Presented.

## STATEMENT OF FACTS

With the exception of parts two and three of the Appellant's Statement of Facts, the State adopts for purposes of this brief the Appellant's facts as laid out in his Statement of Facts[1].

## SUMMARY OF THE ARGUMENT

Appellant did not abandon the difficulty as a matter of law, this determination was a fact issue to be determined by the Jury. The Thirteenth Court of Appeals properly held that the mere fact that Appellant ran 70 yards while making threats was not clear communication of an intent to abandon the difficulty.

The alleged charge errors were either not error on the part of the trial court, or the error did not result in the necessary level of harm under *Almanza* to demand reversal.

---

[1] The Statement of Facts is generally a complete recitation of the evidence adduced at trial; the State would note that Appellant includes both the evidence that supports his assertions as well as the evidence generally against him. As Appellant has been found guilty, the evidence is viewed in a light favoring the verdict.

1

## ARGUMENT

**I.     There was no "Second Provocation", rather there was a continuation of the First, and as such, the Thirteenth Court of Appeals did not error in its provocation analysis.**

In his first briefed issue, Appellant challenges the Court of Appeals determination that he had not abandoned the initial provocation. Appellant contends the court of appeals erred by not applying all of the *Smith*[2] factors when in analyzed the "second provocation".

The State contends that the Court of Appeals correctly held that Appellant did not clearly abandon the initial provocation, and as such, there was not a "second provocation." Rather, there was, at most, change in position. The abandonment must be clearly communicated through either words or actions. TEX. PENAL CODE ANN. § 9.31(b)(4) (2012). This would necessitate both an intention of abandonment by Appellant and such action as to allow the other party to clearly understand that abandonment. While Appellant testified that he was running to his truck with the sole intention of escaping the altercation, and that he did not have any thought of getting his firearm, the jury and the Aourt of Appeals was free to disbelieve this. 16 RR 196. The evidence does not support Appellant's contention that he clearly communicated his abandonment of the difficulty. Although it does show that Appellant ran nearly 70 yards from the

---

[2] *Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998).

front of the club to his vehicle, it also shows that he was shouting threats or words that could be taken as threats, i.e. "van a ver"[3], and was running towards his weapon. 15 RR 234-35. Junior further testified that he took those words to be a threat. 15 RR 235. The evidence further acknowledges that Appellant was aware that he was running towards his weapon. In his written statement, Appellant stated "I ran towards my truck where I had my duty-issue H&K. I usually take my gun with me when I'm off duty. I carry my gun in my truck and left it in the center console."[4] 21 RR DX 21. The jury was free to see this as evidence that this was Appellant's intention from the beginning. Further, the other parties were aware that he might have had a weapon in his vehicle. 16 RR 10.

Appellant testified that he forgot that his weapon was in his vehicle. 16 RR 196, 199, 241, 17 RR 5. The jury was free to disbelieve this statement in view of the fact that the first thing Appellant did was grab his firearm upon reaching his vehicle. 16 RR 200. Appellant's contention that because these words were said after he started to flee to his truck and Junior and the others were already in pursuit at the time, that these words could not be cause for provoking a second confrontation at the truck is misplaced. Without clear

---

[3] "Van a ver" was translated as "you will see" at trial. 15 RR 235.
[4] Appellant's claim that the Court of Appeals used this statement out of context is without merit. The jury and the Court of Appeals was free to interpret this in the manner they did, Appellant simple cannot on appeal require a phrase to have a certain meaning as the evidence is to be viewed in the light most favorable to a jury's verdict. *See*

abandonment of the initial difficulty there was no need for a "second provocation."  The "threat" made by Appellant is evidence that Appellant failed to clearly communicate an abandonment of the first.  By yelling "[y]ou're going to see" after getting into a fight, Appellant is making a continuing threat, not communicating an end to the fight. The Court of Appeal correctly held that Appellant had not communicated an intent to abandon the difficulty and was therefore also correct when it did not analyze the additional actions by Appellant under the *Smith* factors.  Without an abandonment, there was not a second provocation.  *See Elizondo v. State*, 2014 Tex. App. LEXIS 462 at *17 (Tex. App. Corpus Christi Jan. 16, 2014).  Appellant is incorrect in stating that the Court of Appeals had to determine whether the factors during and after the chase were sufficient provocation.  Because the determination that Appellant did not abandon is dispositive and precludes the need for a finding of further provocation, Appellant's analysis in this first issue is flawed and should be rejected.

## II. The Court of Appeals correctly applied this Court's precedent and affirmed the conviction.

In Appellant's second briefed issue, he contends the Court of Appeals erred in its analysis of the jury charge on self defense by way of five topics: (1) included a provocation instruction over Appellant's objection; (2) failing to include an instruction on section 9.04; (3) failing to include any reference to

multiple assailants; (4) not including all the presumptions of reasonable use of force within section 9.32 of the Penal Code; (5) provocation instruction incorrectly directed the jury to find Appellant guilty of murder upon a finding of provocation; and (6) cumulative error.

### A. Including a Provocation Instruction

As to the provocation instruction, Appellant correctly states that it should only be submitted to the jury when "there is evidence from which a rational jury could find every element of provocation beyond a reasonable doubt." AB 45; Smith, 965 S.W2d 514. The elements are: (1) that the defendant did some act or used some words which provoked the attack on him, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm upon the other. *Id.* at 513.

Appellant incorrectly states that there was no evidence of provocation[5]. AB 45. The evidence shows that that Appellant was in an altercation with the bouncers of Punto 3 nightclub and there was testimony that Appellant started this altercation striking Mr. Fermin Limon. 14 RR 98-99, 15 RR 36-37, 15 RR 228-230. Further, that this lead the bouncers to attack Appellant. 14 RR 99, 15

---

[5] For this proposition, Appellant contends there was no provocation at the second altercation However, the State contends that there was no separate altercation but merely a continuation of the first. Additionally, Appellant's attack on the provocation instruction is predicated on a finding of abandonment. He does not actually challenge the elements of provocation for what he terms the "first altercation."

5

RR 230-232. Appellant then ran to his truck and retrieved his firearm. 16 RR 195-200. It is not necessary that the evidence establish a conclusive motive for murder. *Smith*, 965 S.W.2d 519. It merely must give some basis for a rational jury to find that that Appellant's act or words were made with the intent that Appellant would have a pretext for inflicting harm on another. *Id.* Because of the heated argument and Appellant's retrieval of a firearm, it was reasonable to believe that there was some evidence from which a jury could find such intent. Provocation is ultimately a question of fact rather than law; and if there is sufficient evidence from which a rational jury could have found provocation beyond a reasonable doubt, when viewed in favor of the provocation charge, the charge is properly given. *Id.* Appellant fails to view the evidence in the light most favorable to giving the charge.

Appellant's error is in viewing his belief that his claimed abandonment required the issue of provocation to be resolved. Merely because Appellant might have had a viable theory of abandonment does not preclude the provocation instruction. Abandonment is a fact issue that needs to go before the ultimate fact finder, the jury, for determination. Provocation was a central portion of the State's case. The Court of Appeals was correct in holding the

evidence supported the inclusion of a provocation instruction; any issue was a fact issue for the jury to decide[6].

## B. Defensive instruction error

In Appellant's second and third alleged errors, he contends that the Court of Appeals erred by failing to conduct analysis of his complaints that the jury charge failed to give a 9.04[7] instruction or a multiple assailants instruction. AB 46. The Court of Appeals held that as each of these instructions is a defensive issue, failure to request the instruction or object to the lack of the instruction waived any error under *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). The State contends this is the correct analysis as without a request, these instructions were not preserved.

Appellant's reliance on *Reynolds v. State*, 371 S.W.3d 511 (Tex. App. -- Houston [1st Dist.] 2012), is misplaced. In *Reynolds*, the defendant requested the 9.04 instruction and was denied. *Id.* at 522. In this case, Appellant failed to make such a request. Under *Posey*, a defendant is required to request a defensive instruction or it is deemed waived. 966 S.W.2d at 62. Additionally,

---

[6] Appellant again asserts that by running some 70 yards he clearly abandoned the difficulty. As such in the State's response this is not the case. It was a fact issue that should have gone and did go to the jury. Appellant would have this Court hold that running to his vehicle while shouting threats is abandonment as a matter of law. Provocation and abandonment are fact intensive issues that should go to a jury as long as there is some evidence to support the inclusion of the instruction. *Smith*, 965 S.W.2d 519

[7] This references to the "Threats as Justifiable Force" provision in the Texas Penal Code. TEX. PENAL CODE ANN. § 9.04 (2012).

7

Appellant would fail under harm analysis as in *Reynolds*, the Court held that even though the instruction was requested, the defendant failed to prove harm. *Reynolds*, 371 S.W.3d at 524-25. In *Reynolds,* the harm was analyzed under the harmless error doctrine. *Id.* at 522. In this case, because the instruction was not requested, Appellant would have to show egregious harm. *Almanza* 686 S.W.2d at 171. Given that the *Reynolds* Court held that the error was harmless the State does not see how Appellant can meet the egregious harm standard on similar facts.

Likewise, the multiple assailants instruction is a defensive issue that must be raised by a defendant or it is deemed waived. *Posey,* 966 S.W.2d at 62. Appellant cites to *Frank v. State*, 688 S.W2d 863, 868 ((Tex. Crim. App 1985), for support of this instruction. This reliance is again misplaced; in *Franks*, the instruction at issue was requested. *Id.* In the case at bar, Appellant did not request this defensive instruction and has therefore waived it[8]. *Posey*, 966 S.W.2d at 62.

Appellant alleges that by charging on self defense the Trial Court had a duty to state the law correctly. Appellant cites *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998) for this proposition. However, *Barrerra* is

---

[8] As an illustration, the Sixth Court of Appeals in Texarkana has held that failure to request this instruction waived this instruction as the trial court had no duty to *sua sponte* include the instruction and therefore "did not err in failing to instruct the jury on this defensive issue." *Golston v. State*, 2012 Tex. App. LEXIS 5251 (Tex. App. Texarkana June 29, 2012).

distinguishable as it deals primarily with the Court's duty to correctly state the law when giving an instruction *sua sponte*. *Id.* It does not state that when giving a self-defense instruction, any other potentially applicable additional defensive instructions must be included, even without a defendant's request. *Id.* Appellant would have this Court hold that by charging on the defensive issue of self-defense the Court gains a duty to determine all additional charges that the defendant might be entitled to or suffer reversal. This cannot be balanced against the dictates of *Posey*; that failure to request a specific instruction waives the issue. The Court of Appeals correctly held that these instructions were waived under *Posey*.

### C. Harm Analysis error

In his fourth and fifth claims, Appellant alleges that the Court of Appeals failed to conduct a proper harm analysis of the charge errors contained in the presumptions charge and the provocations charge. AB 49.

Appellant also contends that the Court of Appeals erred in holding that the provocation instruction directed the jury to find him guilty as the charge stated, "if you find there was such a design, then you will find defendant guilty of murder," at the end of the provocation instruction was harmless. AB 45. The Court of Appeals was correct in holding that the charge was erroneous when it directed the jury to find Appellant guilty if it found provocation. The Court of

Appeals was likewise correct in holding that the charge nevertheless did not warrant reversal under the appropriate harm analysis. Because Appellant did not object to the charge, the appropriate harm standard is egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App 1985)

The State would first note that by its nature, a finding against Appellant on the provocation issue is a finding against him as to self-defense. Given that Appellant testified himself that he intentionally fired his weapon at Mr. Limon[9], and the testimony that Mr. Limon died as a result of those gunshots[10], his complicity in the death of Mr. Limon can hardly be called a contested issue. Rather, the issue was whether he was justified in taking Mr. Limon's life. Further, in a claim of self-defense the defendant must admit to the crime at issue. *VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.--Austin 2005). Given the state of the evidence, a finding against Appellant on provocation necessarily leads to a finding of guilt in the murder of Mr. Limon.

Appellant also complains that the Court of Appeals holding that the incomplete charge as to the presumption of reasonableness was harmless was error. AB 49-50. Specifically, the Court of Appeals held that the charge failed to instruct that the presumption of reasonableness also arises from the actor's reasonable belief that the person against whom he used force was: (1)

---

[9] 14 RR 213-15
[10] 16 RR 103-04

"unlawfully and with force entered, or attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment"; or (2) was "unlawfully and with force remove, or attempting to remove unlawfully and with force, the actor from the actor's habitation, vehicle, or place of business or employment." *Elizondo*, 2014 Tex. App. LEXIS 462 at *23; TEX. PENAL CODE 9.32(b)(1)(A)-(B). As Appellant did not object to this "error" at trial, it is subject to egregious harm analysis. *Barrera*, 982 S.W2d at 417; *Almanza*, 686 S.W.2d at 171.

Appellant contends that the evidence supports the presumption because the evidence shows Appellant "knew or had reason to believe that Junior either unlawfully, and with force, entered [Appellant]'s vehicle or removed him from the vehicle was attempting to do so. AB 49; 15 RR 80; 15 RR 237. However, merely banging on a truck window and telling an individual to "get off asshole" does not constitute either the actual or attempted forceful entry or removal of Appellant by Junior. It also does not necessarily mean it was unlawful; Rodrigo testified that the reason they gave chase was to detain Appellant. 15 RR 39. As the testimony was that Appellant struck Mr. Limon, under section 14.01 of the Texas Code of Criminal Procedure, the security personnel would have been authorized to make a citizen's arrest for breach of peace. *See* TEX. CODE CRIM. PROC. art. 14.01 (2012). Additionally, even without the presumptions at issue,

the jury was free to conclude that Appellant's actions were reasonable based on the charge a person is justified in using force against another when and to the degree they reasonably believe the force is immediately necessary to protect themselves against the other person's use or attempted use of unlawful force. CR 003. Further, the State would note that the only evidence that could reasonably support the presumption is Appellant's testimony that he was forcible removed from his vehicle. 16 RR 202-03. This evidence was contradicted by several witnesses who all stated that Appellant exited his vehicle only after Appellant's brother grabbed Junior. 14 RR 105-06; 15 RR 238. As Appellant did not object and the evidence does not support this presumption, the State contends that he was not egregiously harmed. Further, given the analysis as to the provocation and that a finding of provocation removes the issue of self-defense, the State contends the Court of Appeals was correct in holding that Appellant did not suffer egregious harm.

### D. Cumulative error

Finally Appellant claims that the charge as a whole was a garbled mess. The State would construe this to be a claim that the errors contained in the charge are cumulative error, in that even if each individual error did not rise to the level warranting reversal, the charge as a whole does. AB . However, Appellant did not raise cumulative error before the Thirteenth Court of Appeals.

As cumulative error is a a independent ground for relief that must be raised separately from the underlying instances of error. *See Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App 2013)(Cochran J., concurring); *Westley v. Johnson*, 83 F.3d 714, 726 *5th Cir. 1996). Failure to brief and raise an issue in the lower court waives the error. *See Tallant v. State*, 742 S.W.2d 292, 294 (Tex. Crim. App. 1987); *Ward v. State*, 829 S.W.2d 787, 795 (Tex. Crim. App. 1992)( *overrruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000)).

The State submits that the charge errors complained of either were not harmful to the degree necessary under the appropriate *Almanza* standard or were not trial court error. As such, this Court should affirm this conviction.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court affirm the opinion of the Court of Appeals.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS


*/s/ Michael W. Morris*
Michael W. Morris, Assistant
Criminal District Attorney

State Bar No. 24076880

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:  (956) 318-2300 ext. 781
Telefax:      (956) 380-0407
Michael.Morris@da.co.hidalgo.tx.us

ATTORNEYS FOR THE STATE

14

## Certificate of Compliance

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), because it contains 3,318 words, excluding the parts exempted by Rule 9.4

Respectfully submitted,

*/s/ Michael W. Morris*

Michael W. Morris, Assistant
Criminal District Attorney

State Bar No. 24076880

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:  (956) 318-2300 ext. 781
Telefax:      (956) 380-0407
Michael.Morris@da.co.hidalgo.tx.us

## CERTIFICATE OF DELIVERY

This is to certify that a true and correct copy of the foregoing Brief of State/Appellee was sent to Appellant's attorney of record, Brandy M. Wingate at, The Smith Law Group, by e-service, on this the 4th day of May, 2015.

/s/ Michael W. Morris
Michael W. Morris